UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN VAN GESSEL,<br><br>  Plaintiff,<br><br>vs.<br><br>THOMAS MOORE, et al.,<br><br>  Defendants. | 1:18-cv-01478-GSA-PC<br><br>**ORDER ADDRESSING PLAINTIFF'S REQUESTS**<br>**(ECF No. 6.)**<br><br>**ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF HIS DOCKET SHEET** |

### I. BACKGROUND

Christopher Allen Van Gessel ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on October 26, 2018. (ECF No. 1.) The Complaint awaits the court's requisite screening under 28 U.S.C. § 1915A.

On March 18, 2019, Plaintiff filed four requests together in one document: (1) request for the court to provide him with an Inmate Accident Compensation Form; (2) request for written status of his case; (3) request to add exhibits to the Complaint; and (4) request for default against defendants. (ECF No. 6.)

### II. REQUEST FOR FORM

Plaintiff requests the court to provide him with an Inmate Accident Compensation Form (Form) under 18 U.S.C. § 4126 and 28 CFR §§ 301.101, *et seq.* Plaintiff asserts that he injured himself on the job and requested the Form from the Safety Officer four times, without success.

1 The court does not have this form available for distribution. Plaintiff should make a request for
the Form in writing at the prison, following the prison's accepted procedures.

### III. REQUEST FOR STATUS

Plaintiff requests written status of his case. The court does not ordinarily respond in writing to requests for status of cases. Plaintiff shall receive notice in this action as a matter of course.[1] All documents filed in this action shall, if and when appropriate, be served upon all parties who have appeared in this action, including Plaintiff. Plaintiff will receive notice, at his address of record, of rulings made in this case and deadlines established in this case, provided he keeps the court informed of his current address.

Plaintiff is also advised that the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this court upon written request, prepayment of the copy fees, and submission of a self-addressed envelope with sufficient postage affixed. The fact that the court has granted Plaintiff leave to proceed *in forma pauperis* does not entitle him to free copies of documents from the court. If Plaintiff wants copies from his file in the future, he should follow the procedure described above. Plaintiff is advised to keep personal copies of all documents he submits to the court.

As a one-time courtesy, the court shall provide Plaintiff with a copy of his docket sheet, which shows the activity in his case.

### IV. REQUEST TO ADD EXHIBITS

Plaintiff has submitted two exhibits he wishes to add to his Complaint. Plaintiff may not add supporting exhibits in this manner. Under Rule 220,[2] Plaintiff may not amend the

---

[1] Plaintiff is required to keep the court informed of his current mailing address. Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made." L.R.182(f).

[2] Local Rule 220 provides, in part, "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded

2

Complaint by adding exhibits submitted separately from the Complaint. To add information to the Complaint, Plaintiff must file an amended complaint which is complete in itself, without reference to his prior complaint. To add his two exhibits, Plaintiff must file a First Amended Complaint, complete in itself, with the two exhibits attached.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). As a matter of right,[3] Plaintiff has leave to file a First Amended Complaint with his two exhibits attached within thirty days, if he wishes. If Plaintiff chooses to amend the complaint, he shall clearly title the amended complaint "First Amended Complaint" and refer to case number 18-cv-01478-GSA-PC. If Plaintiff chooses not to amend the Complaint within thirty days, this case shall proceed on the original Complaint filed on October 26, 2018.

## V. REQUEST FOR DEFAULT

Plaintiff informs the court that it has been 150 days since his case was filed, and none of the defendants have responded to his Complaint. Plaintiff suggests that the court grant judgment in his favor because of defendants' default.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or

---

pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading." L.R. 220.

[3] Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

3

otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

None of the defendants in this case are in default because they have not been served. It is not time for service of process in this case because the court has not completed its requisite screening. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). With respect to service, the court will *sua sponte* direct the U.S. Marshal to serve the complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against one or more of the named defendants.

Therefore, Plaintiff's request for default must be denied.

## VI. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the court to provide him with an Inmate Accident Compensation Form is DENIED;
2. Plaintiff's request to add exhibits to the Complaint is DENIED;
3. Plaintiff has leave to file a First Amended Complaint as a matter of course;
4. If Plaintiff fails to file a First Amended Complaint within thirty days from the date of service of this order, this case shall proceed with the original Complaint which was filed on October 26, 2018;
5. Plaintiff's request for default against defendants is DENIED; and
6. As a one-time courtesy, the Clerk of Court is directed to send Plaintiff a copy of the docket sheet for this case.

IT IS SO ORDERED.

Dated: __**March 22, 2019**__         _____**/s/ Gary S. Austin**_____
                                      UNITED STATES MAGISTRATE JUDGE