UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN VAN GESSEL,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS MOORE, et al.,<br><br>Defendants. | 1:18-cv-01478-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 9.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　　BACKGROUND**

Christopher Allen Van Gessel ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on October 26, 2018. (ECF No. 1.)  On September 24, 2019, the court screened the Complaint under 28 U.S.C. § 1915A and issued an order requiring Plaintiff to either file a First Amended Complaint, or notify the court that he is willing to proceed only with the claims found cognizable by the court.  (ECF No. 8.)  On October 7, 2019, Plaintiff filed the First Amended Complaint, which awaits the court's screening.  (ECF No. 10.)

On October 7, 2019, Plaintiff filed a motion for an order requiring prison officials to maintain at least six typewriters in the prison library.  (ECF No. 9.)  The court construes Plaintiff's motion as a motion for preliminary injunctive relief.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Lyons</u>, 461 U.S. at 102; <u>Valley Forge Christian Coll.</u>, 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**<u>Analysis</u>**

Plaintiff requests the court to direct the Warden, his staff, and the Bureau of Prisons to maintain at least six working typewriters in the library at USP-Atwater where Plaintiff is incarcerated. The purpose is to allow Plaintiff to use these for his legal work. Plaintiff asserts that his life is more miserable because he is forced to write everything by hand. Plaintiff contends that the Code of Federal Regulations at 28 C.F.R. § 543.11(h) requires typewriters to be placed

in the library at each federal prison.

The court however lacks jurisdiction to issue the order sought by Plaintiff because the order would not remedy any of the claims upon which this case proceeds. This case was filed against defendants based on Plaintiff's allegations that he was denied adequate medical care during events beginning on March 12, 2018. Plaintiff now requests a court order for officials at USP-Atwater to place typewriters in the library. Because such an order would not remedy any of the claims in this case, and because the court currently lacks jurisdiction over the prison officials as they are not yet parties to this action, Plaintiff's motion must be denied.

**III.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on October 7, 2019, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 29, 2019**                             **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE