UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN VAN GESSEL,<br><br>                Plaintiff,<br><br>        vs.<br><br>THOMAS MOORE, et al.,<br><br>                Defendants. | 1:18-cv-01478-DAD-GSA-PC<br><br>**ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW HIS OPPOSITIONS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS, AND FILE AMENDED OPPOSITIONS IN LIGHT OF *RAND* NOTICE**<br><br>**THIRTY- DAY DEADLINE** |

## I.    BACKGROUND

Christopher Allen Van Gessel ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).  On July 9, 2020, Defendants filed a motion to dismiss and a motion for summary judgment.  (ECF Nos. 24, 25.)  On July 23, 2020, Plaintiff filed a consolidated opposition to both of the motions.  (ECF No. 27.)  On July 28, 2020, Defendants filed a reply to the consolidated opposition.  (ECF No. 28.)

Defendants did not provide Plaintiff with a *Rand*[2] Notice and Warning, pursuant to the Ninth Circuit's requirement in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), informing Plaintiff of his rights and responsibilities in opposing Defendants' motion for summary judgment.

---

[2]Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc).

1

Therefore, the court shall by this order, provide Plaintiff with a *Rand* Notice and Warning and allow him an opportunity to withdraw his consolidated opposition to Defendants' pending motions and file two separate amended oppositions, one to the motion to dismiss and one to the motion for summary judgment. Defendants shall have twenty days from the dates of filing of Plaintiff's amended oppositions in which to reply to each of the amended oppositions.

Plaintiff is advised not to file both of his amended oppositions in one document. The motion to dismiss, and the motion for summary judgment are two distinctly separate motions that require different responses. Consolidating both of Plaintiff's oppositions into one document may prejudice Plaintiff and therefore is discouraged.

## II.   *RAND* NOTICE AND WARNING

In the Ninth Circuit, when the plaintiff is a prisoner proceeding *pro se* in a civil rights case, and a defendant files a motion for summary judgment or a motion to dismiss for failure to exhaust administrative remedies, the defendant or the court is required to provide plaintiff with a Notice and Warning informing the plaintiff of his or her rights and responsibilities in opposing the motion. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).[1]   The court shall, by this notice, notify Plaintiff of the following rights and requirements for opposing Defendant's motion for summary judgment:

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Woods v. Carey, the Court now hereby notifies Plaintiff of the following rights and requirements for opposing Defendants' motion for summary judgment. Woods, 684 F.3d 934 (Fair notice of the requirements needed to defeat a defendant's motion for summary judgment must be provided to a *pro se* prisoner litigant in a civil rights case.)   If . . . defendants fail to provide appropriate notice, "the ultimate responsibility of assuring that the prisoner receives fair notice remains with the district court." Woods, 684 F.3d at 940.

---

[1] Defendants were not required to provide Plaintiff with a notice of requirements for opposing their motion to dismiss, because their motion is not a motion to dismiss for failure to exhaust administrative remedies. See Woods, 684 F.3d 934.

**NOTICE AND WARNING:**

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[2] that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendants have filed a motion for summary judgment for failure to exhaust administrative remedies as to one or more claims in the complaint. The failure to exhaust administrative remedies is subject to a motion for summary judgment or, if a failure to exhaust is clear on the face of the

---

[2] The substance of Rule 56(e) from the 1998 version, when Rand was decided, has been reorganized and renumbered with the current version of Rule 56(c).

complaint, a motion to dismiss under Rule 12(b)(6).  <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014).  For a motion for summary judgment for failure to exhaust administrative remedies, the district court will consider materials beyond the pleadings; "the plaintiff has a 'right to file counter-affidavits or other responsive evidentiary materials.'"  <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012), quoting <u>Rand v. Rowland</u>, 154 F.3d 952, 960 (9th Cir. 1998).

If the Court determines that all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over.  If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims.  <u>Jones v. Bock</u>, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007).  A dismissal for failure to exhaust is without prejudice.  <u>Id.</u>

Unless otherwise ordered, all motions for summary judgment shall be briefed pursuant to Local Rule 230(*l*).  Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment.  Local Rule 230(*l*).  <u>**If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute**</u>.  The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion.  <u>Id.</u>

If responding to Defendants' motion for summary judgment, Plaintiff may not simply rely on allegations in the complaint.  Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies.  <u>See</u> Fed. R. Civ. P. 43(c).  Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.  If Plaintiff does not submit his own evidence in opposition, the Court

**may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.**

**<u>EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS</u>**

**In accordance with Local Rule 260(a), Defendants have filed a Statement of Undisputed Facts that contains discrete, specific material facts to support their entitlement to summary judgment. In response to this Statement, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." You may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." <u>Id.</u> You are responsible for filing all evidentiary documents cited in the opposing papers. <u>Id.</u> If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." <u>See</u> <u>also</u> Fed. R. Civ. P. 56(d).**

### III. CONCLUSION AND ORDER

Pursuant to the Ninth Circuit's decision in <u>Woods</u>, Plaintiff has now been provided with "fair notice" of the requirements for opposing Defendants' motion for summary judgment. In light of this notice the court finds good cause at this juncture to open a thirty-day time period for Plaintiff to file further opposition to Defendants' motion to dismiss and motion for summary judgment, if he so wishes. The court will not consider multiple oppositions to one motion, however, and Plaintiff has two options upon receipt of this order. Plaintiff may either (1) stand on his previously-filed consolidated opposition or (2) withdraw the consolidated opposition and

file separate amended oppositions to the motion to dismiss and the motion for summary judgment. The amended oppositions, if any, must be complete in themselves and must not refer back to any of the opposition documents Plaintiff filed on July 23, 2020. L.R. 220.[5]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff may, within **thirty (30) days** from the date of service of this order,
    (1) withdraw his consolidated opposition previously filed on July 23, 2020, and
    (2) file two amended oppositions, one addressing Defendants' motion to dismiss and other addressing Defendants' motion for summary judgment;

2. If Plaintiff does not file amended oppositions in response to this order within thirty days, Plaintiff's existing consolidated opposition, filed on July 23, 2020, will be considered in resolving Defendants' motions; and

3. If Plaintiff elects to file amended oppositions, Defendants may file replies to each of the amended oppositions pursuant to Local Rule 230(*l*).

IT IS SO ORDERED.

Dated:   **October 14, 2020**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[5] Local Rule 220 provides, in part: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."