UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN VAN GESSEL,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS MOORE, et al.,<br><br>    Defendants. | **1:18-cv-01478-DAD-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ADJUDGE PLRA UNCONSTITUTIONAL (ECF No. 9.)** |

## I.    BACKGROUND

Christopher Allen Van Gessel ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). This action now proceeds with Plaintiff's First Amended Complaint, filed on October 7, 2019, on Plaintiff's medical claims under the Eighth Amendment against defendants Dr. Thomas Moore, Physician's Assistant Altuire, and Physician's Assistant Ballesil, and medical malpractice claims under the FTCA against defendant United States, for monetary damages.  (ECF No. 18.)

On October 7, 2019, Plaintiff filed a motion to adjudge the Prison Litigation Reform Act unconstitutional. (ECF No. 9.) On July 23, 2020, Defendants filed an opposition. (ECF No. 34.) Plaintiff's motion is deemed submitted. Local Rule 230(*l*).

## II.   LEGAL STANDARDS

### A.   Prison Litigation Reform Act

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), was enacted to curb frivolous prisoner complaints and appeals." Luedtke v. Dale Drozd, et al., No. 1:20CV01662AWISAB, 2020 WL 7490085, at *1 (E.D. Cal. Dec. 21, 2020) (citing Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011)). Pursuant to the PLRA, the *in forma pauperis* statute was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding *in forma pauperis* unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Luedtke, 2020 WL 9490085 at *1 (citing Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007)).

### B.   Request for Declaratory Relief

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948); see also Hewitt v. Helms, 482 U.S. 755, 762-63 (1987); Public Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962) (*per curiam*); Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 533 (9th Cir. 2008). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985) (*en banc*) (*per curiam*).

## III.   PLAINTIFF'S MOTION

Plaintiff argues that several provisions of the PLRA and related statutes are unconstitutional, including § 1997e(a) (administrative grievance procedure), § 1997e(d) (attorney's fees), § 1997e(e) (limitation on recovery), § 1915(b) (filing fees), § 1915(e)(2)(b) (frivolous actions), and § 1915(g) ("strikes"), on the grounds that they violate prisoners' rights

to due process, equal protection and access to courts.  Plaintiff also argues that the PLRA is unconstitutional because it was enacted as a legislative rider, the terms "frivolous" and "imminent danger" are not defined, there is no legislative history, and the PLRA is both civil and criminal law.

## IV.   DEFENDANTS' OPPOSITION

Initially, Defendants request dismissal of Plaintiff's motion because the motion was never actually served on Defendants.  Defendants were never served by mail and Defense counsel did not receive a notice of electronic filing because counsel had not appeared in this case until after the motion had been filed.

In addition, Defendants argue that Plaintiff's motion impermissibly seeks a declaratory judgment beyond the scope of the allegations or relief sought in Plaintiff's First Amended Complaint.  Because Plaintiff's motion to adjudge the PLRA unconstitutional is entirely absent from the First Amended Complaint, Defendants argue that the motion is not properly before the court.  In support of this argument, Defendants cite Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc., 560 F. 3d 935, 943 (9th. Cir. 2009), which held that a party may not make a *motion* for declaratory relief, but rather the party must bring an *action* for declaratory judgment.

Defendants also argue that Plaintiff's motion lacks merit.  In support, Defendants assert that Plaintiff's facial challenge fails because his arguments -- that the PLRA is unconstitutional because it discriminates against prisoners and restricts a prisoner's ability to file a civil suit -- are all rationally related to the government's legitimate interest in deterring frivolous lawsuits.

Defendants also cite Supreme Court and Ninth Circuit cases that have previously addressed many of Plaintiff's arguments:

See, e.g., Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question . . . that unexhausted claims cannot be brought in court."); Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005) (three-strike rule is constitutional) and Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) (same); Taylor v. Delatoore, 281 F.3d 844, 848-49 (9th Cir. 2002) (filing fee provisions of the PLRA are constitutional);

<u>Madrid v. Gomez</u>, 190 F.3d 990, 996 (9th Cir. 1999) (PLRA's limitation on attorney's fees is constitutional).

(ECF No. 24 at 4:10-15.)

## V.    DISCUSSION

Defendants' argument that Plaintiff's motion for declaratory relief is impermissible in this case has merit.  Such request should be denied because it is subsumed by Plaintiff's damages claim.  <u>See</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); <u>see also</u> <u>Fitzpatrick v. Gates</u>, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")  Therefore, Plaintiff's motion shall be denied.

In addition, Plaintiff is advised that "[f]ederal courts have consistently rejected claims that the PLRA violates the Constitution." <u>Leudtke</u> 2020 WL 7390085, at *3 (citing  <u>See</u> <u>Gilmore v. People of the State of California</u>, 220 F.3d 987, 1008 (9th Cir. 2000) ("No circuit court has found the PLRA to violate due process or the Equal Protection Clause. We decline to stray from these precedents.); <u>Polanco v. Hopkins</u>, 510 F.3d 152, 156 (2d Cir. 2007) (joining the other circuits that have upheld the constitutionality of this statute.); <u>White v. State of Colo.</u>, 157 F.3d 1226, 1235 (10th Cir. 1998) ("we now join the Eleventh, Sixth, and Fifth Circuits in concluding that § 1915(g) does not violate the guarantees of equal protection and due process); <u>Gavin v. Branstad</u>, 122 F.3d 1081, 1092 (8th Cir. 1997) (reversing district court decision that immediate termination decision of PLRA was unconstitutional); <u>Madrid v. Gomez</u>, 190 F.3d 990, 996 (9th Cir. 1999) ("the government's interest was apparently to curtail frivolous prisoners' suits and to minimize the costs—which are borne by taxpayers—associated with those suits" and survive the minimal standard for rational basis review.); <u>see also</u> <u>Morrison v. Davis</u>, 88 F.Supp.2d 799, 808 (S.D. Ohio 2000), amended in part, 195 F.Supp.2d 1019 (S.D. Ohio 2001) ("This Court finds that although the PLRA does single out prisoners for a particular burden in § 1983 actions,

Congress's goal in placing that burden on prisoners was to bring prisoners' litigation incentives on par with, not below, non-incarcerated litigants. The principles of equal protection do not prevent Congress from burdening prisoners in this way. Thus, Plaintiff's arguments fit better in the legislative rather than the judicial forum.")).

**VI.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to adjudge the PLRA unconstitutional, filed on October 7, 2019, is DENIED.

IT IS SO ORDERED.

Dated:    __**January 12, 2021**__                    _____**/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE