UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN VAN GESSEL,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS MOORE, et al.,<br><br>Defendants. | 1:18-cv-01478-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT RULE 12(b)(1) MOTION TO DISMISS FILED BY DEFENDANT UNITED STATES BE GRANTED**<br>**(ECF No. 24.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.   BACKGROUND**

Christopher Allen Van Gessel ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). This action now proceeds with Plaintiff's First Amended Complaint filed on October 7, 2019, on Plaintiff's medical claims under the Eighth Amendment against defendants Dr. Thomas Moore, Physician's Assistant Altuire, and Physician's Assistant Ballesil, and medical malpractice claims under the FTCA against defendant United States. (ECF No. 18.)

On July 9, 2020, defendant United States ("Defendant") filed a motion to dismiss Plaintiff's FTCA claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 24.) On July 23, 2020, Plaintiff filed an opposition to the motion. (ECF No. 27.) On July

30, 2020, Defendant filed a reply to the opposition. (ECF No. 28.) Defendant's motion is deemed submitted. Local Rule 230(*l*).

## II.   PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff's claims in the First Amended Complaint arise from events occurring on March 12, 2018. Plaintiff alleges that on that date he was cleaning his work area known as the Satellite Feeding Room in Food Service with hot water from the steam kettle. He accidently spilled the hot water onto his left work boot and the hot water soaked into his boot and sock, badly burning his foot. The gravamen of Plaintiff's complaint is that he was not provided adequate medical care for his injury, including pain medication, by defendants Moore, Altuire, and Ballesil. Plaintiff also brings claims for medical malpractice against defendant United States under the FTCA. Plaintiff seeks monetary damages.

## III.   LEGAL STANDARDS

### A.   Motion To Dismiss Under Rule 12(b)(1) – Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a party may move to dismiss based on the court's lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). A jurisdictional attack may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack can rely on extrinsic evidence in arguing that subject-matter jurisdiction does not exist. Id. (citing Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003)). On a Rule 12(b)(1) motion to dismiss, the Court may consider evidence beyond the complaint in resolving a factual attack on jurisdiction. Id. Once the moving party presents evidence properly brought before the Court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### B. Inmate Accident Compensation Act (IACA)

The Inmate Accident Compensation Act, 18 U.S.C. § 4126, authorizes the Federal Prison Industries to compensate inmates "for injuries suffered . . . in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The United States Supreme Court has held that the IACA is the exclusive remedy for a federal prisoner injured in the performance of an assigned task while in a federal penitentiary. United States v. Demko, 385 U.S. 149, 150–54 (1966).

## IV. DEFENDANT UNITED STATES' MOTION

Defendant United States argues that Plaintiff's FTCA claims should be dismissed because they are precluded by another statute, the Inmate Accident Compensation Act, which requires that all work-related claims for injuries sustained by an inmate be brought pursuant to its terms and expressly precludes relief under other statutes such as the FTCA. Defendant argues that this includes claims alleging negligence of medical staff in treating work-related injuries.

Plaintiff filed a response in opposition to Defendant's motion (ECF No. 27), to which Defendant replied that Plaintiff's response consists only of conclusory arguments and does not provide any argument opposing Defendant's contention that the Court lacks subject-matter jurisdiction over Plaintiff's FTCA claim.

## V. DISCUSSION

The Sixth Circuit in Wooten confirmed that the IACA "serves as the exclusive remedy *only* when the injury suffered by the inmate is work-related." Anderson v. United States, No. C16-586 TSZ, 2018 WL 3093323, at *2–4 (W.D. Wash. June 22, 2018) (quoting Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987). Plaintiff Wooten appealed the district court's dismissal of his FTCA claim, which found that his injuries were work-related. Wooten, 825 F.2d at 1044 (citing Thompson v. United States, 495 F.2d 192 (5th Cir. 1974)).

Here, there is no dispute that Plaintiff seeks relief in this case for work-related injuries because his foot was injured when he was working at the prison. Plaintiff alleges in the First Amended Complaint that he sustained his "injury while at work in Food Service in the area known as the Satellite Feeding Area." (Amd. Cmp., ECF No. 1 at 8.) "On 12 Mar 18 while I

was cleaning my work area with hot water out of the steam kettle, I accidently splashed the hot water onto my left work boot. This water soaked into my boot and my sock, burning my foot badly." (Id.) "I could not get my boot untied and off of my foot quick enough. I was screaming for help this whole time, yet no one came to help me. I finally got my boot and sock off of my foot, but it was too late. I received 2nd degree burns on both sides of my foot." (Id.) Plaintiff complains about the medical treatment he was given and alleges that he requested pain medication more than once but his requests were denied.

Because Plaintiff was injured on the job, the IACA is the exclusive remedy for his injuries. "When a prisoner is injured on the job, he cannot bring an action against the United States under the FTCA for that injury or for negligence by United States Agents regarding treatment of that injury." Vander v. U. S. Dept. of Justice, 268 F.3d 661, 664 (9th. Cir. 2001). As such, the exclusive remedy for Plaintiff's injuries in this case is the IACA. Demko, 385 U.S. at 151–52. For this reason, this Court finds that it lacks jurisdiction over Plaintiff's FTCA claim and that Plaintiff's FTCA claim against defendant United States should be dismissed, with prejudice.

## VI.  RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant United States' motion to dismiss, filed on July 9, 2020, be granted;
2. Plaintiff's FTCA claim against the United States be dismissed, with prejudice, from this action; and
3. This case now proceed only against defendants Dr. Thomas Moore, Physician's Assistant Altuire, and Physician's Assistant Ballesil on Plaintiff's medical claims under the Eighth Amendment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. '636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed

within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 13, 2021**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE