UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN VAN GESSEL, | **1:18-cv-01478-DAD-GSA-PC** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' EXHAUSTION MOTION FOR SUMMARY JUDGMENT BE GRANTED** |
| vs. | **(ECF No. 25.)** |
| THOMAS MOORE, et al., | |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I.      BACKGROUND

Christopher Allen Van Gessel ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).  This action

1  now proceeds with Plaintiff's First Amended Complaint, filed on October 7, 2019, on Plaintiff's

2  medical claims under the Eighth Amendment against defendants  Dr. Thomas Moore, Physician's

3  Assistant Altuire, and Physician's Assistant Ballesil, and medical malpractice claims under the

4  FTCA against defendant United States.[1]  (ECF No. 10.)

5        On July 9, 2020, defendants Dr. Thomas Moore, Physician's Assistant Altuire, and

6  Physician's Assistant Ballesil ("Defendants") filed a motion for summary judgment on the

7  ground that Plaintiff failed to exhaust his administrative remedies before filing suit.  (ECF No.

8  25.)  On July 23, 2020, Plaintiff filed an opposition to the motion.  (ECF No. 27.)  On July 30,

9  2020, Defendants filed a reply to the opposition.  (ECF No. 28.)

10        On October 14, 2020, in light of the fact that Defendants did not provide Plaintiff with a

11  Rand[2] Notice and Warning pursuant to the Ninth Circuit's requirement in Woods v. Carey,[3] the

12  court issued an order providing Plaintiff with a Rand Notice and Warning.  (ECF No. 31.)  The

13  court permitted Plaintiff an opportunity to withdraw his opposition to the motion for summary

14  judgment and file an amended opposition, within thirty days.  (Id.)  Plaintiff was advised that if

15  he did not file an amended opposition within thirty days his existing opposition filed on July 23,

16  2020, would be considered in resolving the motion for summary judgment.  (Id. at 6 ¶2.)  The

17  thirty-day time period has passed and Plaintiff has not filed an amended opposition or otherwise

18  responded to the court's October 14, 2020 order.  (Court Record.)  Therefore, the court shall

19  consider Plaintiff's opposition filed on July 23, 2020, in resolving the motion for summary

20  judgment.

21        The motion has been submitted upon the record without oral argument pursuant to Local

22  Rule 230(l), and for the reasons that follow, the court recommends that the motion for summary

23  judgment be granted.

---

[1] On April 9, 2020, the court issued an order dismissing all other claims and defendants from this action.  (ECF No. 18.)

[2] Rand v. Rowland, 154 F. 3d. 952 (9th Cir. 1998) (en banc).

[3] Woods v. Carey, 684 F. 3d. 934 (9th Cir. 2012).

## II.      SUMMARY OF PLAINTIFF'S ALLEGATIONS AND CLAIMS[4]

Plaintiff's claims in the First Amended Complaint arose from events occurring on March 12, 2018, at the United States Penitentiary (USP)-Atwater.  Plaintiff alleges that on that date he was cleaning his work area known as the Satellite Feeding Room in Food Service with hot water from the steam kettle.  He accidently spilled the hot water onto his left work boot and the hot water soaked into his boot and sock, badly burning his foot.  The gravamen of Plaintiff's complaint is that he was not provided with adequate medical care for his injury, including pain medication, by defendants Moore, Altuire, and Ballesil, in violation of the Eighth Amendment. Plaintiff also brings claims for medical malpractice against defendant United States under the FTCA.  Plaintiff seeks monetary damages.

## III.     SUMMARY JUDGMENT BASED ON EXHAUSTION

### A.      <u>Legal Standards</u>

#### 1.      <u>Statutory Exhaustion Requirement</u>

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

///

---

[4] Plaintiff's original Complaint and First Amended Complaint are verified, and his allegations in the complaints constitute evidence in support of Plaintiff's opposition to the exhaustion motion for summary judgment where they are based on his personal knowledge of facts admissible in evidence.  <u>Jones v. Blanas</u>, 393 F.3d 918, 922-23 (9th Cir. 2004).  The summarization of Plaintiff's claim in this section should not be viewed by the parties as a ruling that the allegations are admissible.

1  "[T]o properly exhaust administrative remedies prisoners 'must complete the

2  administrative review process in accordance with the applicable procedural rules,' [ ]—rules that

3  are defined not by the PLRA, but by the prison grievance process itself." Bock, 549 U.S. at 218

4  (quoting Woodford v. Ngo, 548 U.S. 81, 88, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006)).

5  An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion

6  requirement. Id. at 90.  However, the Ninth Circuit has made clear:  A grievance need not include

7  legal terminology or legal theories unless they are in some way needed to provide notice of the

8  harm being grieved.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  A grievance also

9  need not contain every fact necessary to prove each element of an eventual legal claim.  Id.

10  Moreover, the Ninth Circuit has recognized that a grievance suffices to exhaust a claim

11  if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To

12  provide adequate notice, the prisoner need only provide the level of detail required by the prison's

13  regulations.  Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Bock, 549 U.S. at 218).

14  The level of detail necessary in a grievance to comply with the grievance procedures will vary

15  from system to system and claim to claim, but it is the prison's requirements, and not the PLRA,

16  that define the boundaries of proper exhaustion.  Id.   In this case, the administrative remedy

17  process used at USP-Atwater where Plaintiff was incarcerated defined the boundaries of proper

18  exhaustion.

19  A prisoner may be excused from complying with the PLRA's exhaustion requirement if

20  he establishes that the existing administrative remedies were effectively unavailable to him. See

21  Albino v. Baca ("Albino II"), 747 F.3d 1162, 1172-73 (9th Cir. 2014). When an inmate's

22  administrative grievance is improperly rejected on procedural grounds, exhaustion may be

23  excused as "effectively unavailable."  Sapp, 623 F.3d at 823; see also Nunez v. Duncan, 591 F.3d

24  1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies

25  "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion

26  excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required

27  to proceed to third level where appeal granted at second level and no further relief was available);

28  Marella v. Terhune, 568 F.3d 1024 (9th Cir. 2009) (excusing an inmate's failure to exhaust

because he did not have access to the necessary grievance forms to timely file his grievance).  In such a case, "the inmate cannot pursue the necessary sequence of appeals." Sapp, 623 F.3d at 823.

### 2.   Bureau of Prisons' Administrative Grievance System

The court takes judicial notice of the fact that the federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek redress of a complaint in relation to any aspect of his imprisonment. See 28 C.F.R. § 542.10(a). The inmate must first ordinarily seek to resolve the issue informally with prison staff using a BP-8 form. 28 C.F.R. § 542.13(a); Nunez, 591 F.3d at 1219.  If the complaint cannot be resolved informally, the inmate must present a formal administrative remedy request at the institution of confinement using a BP-9 form. 28 C.F.R. § 542.14(a); Id. The BP-9 must be submitted within 20 calendar days following the date the grievance occurred, unless the prisoner can provide a valid reason for delay. 28 C.F.R. § 542.15(a); Id..

If the BP-9 request is denied by the warden and the prisoner is not satisfied, he must then file an appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15(a); Id. The BP-10 form must be submitted within 30 calendar days of the date the warden responded to the BP-9 form, unless the prisoner provides a valid reason for the delay. 28 C.F.R. § 542.15(a); Id. at 1220.

If the prisoner is dissatisfied with the Regional Director's response, the last step is to submit an appeal to the BOP General Counsel using a BP-11 form. 28 C.F.R. § 542.15(a); Id. at 1219-1220. The BP-11 form must be submitted within 30 calendar days of the date of the Regional Director's response to the BP-10, with the same exception of a valid reason for the delay. 28 C.F.R. § 542.15(a); Id. at 1220.  A final decision from the Office of General Counsel completes the BOP's Administrative Remedy Process.  28 C.F.R. § 542.15(a).

### 3.   Motion for Summary Judgment for Failure to Exhaust

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Bock, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  On April 3, 2014, the Ninth

Circuit issued a decision overruling <u>Wyatt</u> with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). <u>Albino II</u>, 747 F.3d at 1168–69. Following the decision in <u>Albino II</u>, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[5] or (2) a motion for summary judgment under Rule 56. <u>Id.</u> If the court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). <u>Bock</u>, 549 U.S. at 223–24; <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Albino II</u>, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.") A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the court "must draw all reasonable inferences in the light most favorable to the nonmoving party." <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011). The court must liberally construe Plaintiff's filings because he is a *pro se* prisoner. <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." <u>Albino II</u>, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence

---

[5] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." <u>Albino II</u>, 747 F.3d at 1162.

1    showing that there is something in his particular case that made the existing and generally

2    available administrative remedies effectively unavailable to him." Id.  The ultimate burden of

3    proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment

4    should be denied, and the district judge rather than a jury should determine the facts." Id. at

5    1166.

6         In arriving at these findings and recommendations this court carefully reviewed and

7    considered all arguments, points and authorities, declarations, exhibits, statements of undisputed

8    facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of

9    reference to an argument, document, paper, or objection is not to be construed to the effect that

10   this court did not consider the argument, document, paper, or objection. This court thoroughly

11   reviewed and considered the evidence it deemed admissible, material, and appropriate.

12   **IV.    DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

13        Unless otherwise noted, the following facts submitted by Defendants are undisputed by

14   the parties or as determined by the court based on a thorough review of the record.[6]

15        1. The BOP maintains an electronic database which records all formal administrative

16   remedy requests and appeals. See Declaration of Jennifer Vickers ("Vickers Decl.") ¶ 1.

17        2. As of July 6, 2020, Plaintiff has filed only nine formal administrative remedy requests

18   or appeals for the entirety of his BOP term of incarceration. Vickers Decl. ¶ 7; Vickers Decl.

19   Attach. 2.

20        3. The BOP has no record of a formal administrative remedy request (BP-9) or of an

21   appeal (BP-10 or BP-11) that relates to any of the constitutional claims at issue in this case.

22   Vickers Decl. ¶ 9; Vickers Decl. Attach. 2.

23   ///

24   _____

25        [6] Plaintiff failed to properly address Defendants' statement of undisputed facts, as required by
     Local Rule 260(b).  Accordingly, the court may consider Defendants' assertions of fact as undisputed for purposes
26   of this motion.  Id.; Fed. R. Civ. P. 56(e)(2).  However, in light of the Ninth Circuit's directive that a document
     filed *pro se* is "to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, and Rule 8(e) of
27   the Federal Rules of Civil Procedure provides that "[p]leadings shall be construed so as to do justice," see
     Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), the court shall strive to
28   resolve this motion for summary judgment on the merits.

4. Only one administrative remedy request, Administrative Remedy Request No. 976265, appears to relate to the March 12, 2018 accident. Vickers Decl. ¶ 8; Vickers Decl. Attach. 3.

5. The BP-8 for Request No. 976265, which was filed on April 14, 2019, requests inmate accident compensation forms and does not mention, reference, or identify any of the constitutional claims asserted in this action. Vickers Decl. ¶ 8; Vickers Decl. Attach 3.

6. Plaintiff has not exhausted his administrative remedies for Request No. 976265. Plaintiff filed a formal BP-9 for Request No. 976265 on May 1, 2019, but filed no subsequent administrative remedy requests. Vickers Decl. Attach. 2.

**V.       DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants argue that they should be granted summary judgment under Rule 56 on Plaintiff's claims against them because Plaintiff failed to exhaust his available administrative remedies for those claims before filing this lawsuit.

Defendants' evidence includes **(1)** Declaration of Paralegal Specialist Jennifer Vickers. (ECF No. 25-2); **(2)** Attachment #1 to Vickers' Declaration -- Public Information Inmate Data forms for Plaintiff, dated July 6, 2020.  (ECF No. 25-2 at 5-8); **(3)** Attachment #2 to Vickers' Declaration -- Record of Plaintiff's Administrative Remedy Requests and Appeals as of July 6, 2020 (Excerpted Administrative Generalized Retrieval Form) (ECF No. 25-2 at 9-15); **(4)** Attachment #3 to Vickers' Declaration -- Packet for Administrative Remedy No. 976265, which includes Plaintiff's Request for Administrative Remedy No. 976265 dated April 21, 2019; Rejection Notice of Administrative Remedy No. 976265, dated May 1, 2019; and Response to Plaintiff's Request for Informal Resolution, dated April 29, 2019.  (ECF No. 25-2 at 16-20); and **(5)** Plaintiff's original Complaint and First Amended Complaint (ECF Nos. 1, 10.)

Defendants argue that Plaintiff's claims against them should be dismissed because he failed to exhaust all of his available administrative remedies as to those claims.  They argue that although Plaintiff filed a BP-8 form, he failed to pursue any further step in the BOP's four-step administrative remedy process.  In the Amended Complaint, Plaintiff claims that he filed a BP-8 form sometime in March 2018, but that he received no response.  (Amended Complaint at 13.) Assuming he properly filed a BP-8 form in March 2018, pursuant to 28 C.F.R. §§ 542.14, 18, the

BOP had until approximately April 2018 to respond to Plaintiff's BP-8 form.  Because Plaintiff's BP-8 form was deemed a denial "at that level" at that time, pursuant to § 542.14, Plaintiff was required to pursue his administrative remedies by filing a BP-9 form with the institution, but he did not do so.  (Vickers Decl. ¶¶ 8-9.)

**Defendants' Burden**

The court finds that Defendants have carried their initial burden to prove that there was an available administrative remedy and that Plaintiff failed to exhaust that remedy for the claims against them.  Therefore, the burden shifts to Plaintiff to come forward with evidence showing that he did exhaust the available remedies for his Eighth Amendment claims against Defendants, or that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.

**VI.      PLAINTIFF'S STATEMENT OF FACTS**

Plaintiff submits the following Statement of Facts.

1.       Sometime in March 2018, Plaintiff filed a BP-8 form with Counselor Reyes.

2.       Plaintiff filed a claim in support of his FTCA claim with the Western Regional Office, and the claim was denied.

3.       On March 19, 2019, Plaintiff filed a Medical Idle Form with Safety Officer Marquez.

4.       On March 27, 2018, Physician's Assistant Areco told Physician's Assistant Ballesil to document everything because Plaintiff wrote them up.  How did she know this if Plaintiff never started his Administrative Remedy process?

5.       Exhibit H to the First Amended Complaint shows the forms given to Plaintiff by Safety Officer Marquez when Plaintiff requested the Inmate Accident Compensation form.  (ECF No. 10 at 47-51.)

6.       On April 18, 2019, Plaintiff filed a BP-9 form.  On April 28, 2019, Plaintiff's BP-9 form was rejected.

///

///

1

### VII.   PLAINTIFF'S OPPOSITION

Plaintiff's evidence includes **(1)** Plaintiff's original Complaint and First Amended Complaint (ECF Nos. 1, 10); **(2)** Plaintiff's Injury Report dated March 12, 2018 (Exh. F to Amended Complaint, ECF No. 10 at 40-41); and **(3)** Plaintiff's Inmate Accident Compensation forms (Exh. H to Amended Complaint, ECF No. 10 at 47-51).

Plaintiff claims that his rights to the administrative remedy process were denied by Counselor Coggin, Unit Manager Tyson, Case Manager Cerrato, and the warden.  (Opp'n, ECF No. 27 at 6.)  He states that he was told that in order to proceed with these rights he had to get his BP-8 form returned to him by Counselor Reyes in order to file a BP-9 form.  (Id.)  Plaintiff claims that Counselor Reyes never returned his original BP-8 form.  (Id.)  Plaintiff also asserts that he was deprived of the Inmate Accident Compensation form, which is why Plaintiff had to file this lawsuit.  (Id.)

In the original Complaint Plaintiff states that he filed a BP-8 form with Counselor Reyes and never received a response.  (ECF No. 1 at 3 ¶5.)  He also states that he asked Counselor K. Officer for a BP-9 form and the counselor told Plaintiff he could not get one until he got a response from his BP-8.  (Id.)

### VIII.   DEFENDANTS' REPLY

Defendants reply that Plaintiff's opposition offers no more than conclusory arguments. Plaintiff's sole argument is that he was not provided a BP-9 form and thus could not continue the administrative remedy process, but Plaintiff has not supported this contention with any factual evidence.

### IX.   DISCUSSION

The exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence.  See Porter, 534 U.S. at 523, 532) ("[F]ederal prisoners suing under Bivens [ ] must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.").  Exhaustion is a prerequisite to bringing a civil rights action that cannot be excused by a district court.  See Woodford [v. Ngo], 548 U.S. at 81, 85; Booth, 532 U.S. at 739.  However, prisoners are not

required to complete the exhaustion process in circumstances where administrative remedies are "effectively unavailable." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 792 (9th Cir. 2018).

The test for deciding whether a grievance procedure was unavailable uses an objective standard. Albino v. Baca ("Albino I"), 697 F.3d at 1035. "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." Id. at 1034. An inmate may demonstrate the unavailability of remedies by showing "(1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable." Id. at 1033. The inmate must make "a good-faith effort" to determine and comply with a prison's grievance procedures; "an inmate's subjective unawareness of an administrative remedy" is not "sufficient to excuse exhaustion." Id. at 1035. An inmate must "make reasonable, good-faith efforts to discover the appropriate procedure for complaining about prison conditions before unawareness may possibly make a procedure unavailable." Id.

Jennifer Vickers, Paralegal Specialist for the U.S. Department of Justice, Federal Bureau of Prisons, provides evidence that "the federal Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek review of any complaint regarding any aspect of his confinement, including any concerns of deliberate indifference towards his medical needs. See 28 C.F.R. § 542.10 through 542.19." (Vickers Decl., ECF No. 25-2 ¶4.) Plaintiff filed the original Complaint for this action on October 26, 2018, and therefore was required to complete each of the following available steps to exhaust his administrative remedies between March 12, 2018, the date he was injured, and before he filed this lawsuit on October 26, 2018:

1)    seek an informal resolution at USP-Atwater (BP-8); 28 C.F.R. § 542.14 ;

2)    file a formal request to the warden ("BP-9"); 28 C.F.R. § 542.14;

3)    appeal the warden's denial of remedy to the Regional Director ("BP-10"), within twenty days after receiving the warden's response; 28 C.F.R. § 542.15;

///

///

4)      appeal the Regional Director's denial of remedy to the General Counsel in Washington D.C. ("BP-11"), within thirty days after receiving the Regional Director's response; 28 C.F.R § 542.15; and

5)      receive a final decision on the merits from the General Counsel's office, which would complete the administrative remedy process; 28 C.F.R. § 542.15(a)).

This process must be utilized "to address any aspect of a BOP inmate's own confinement."  28 C.F.R. § 542.10.

There is no evidence that Plaintiff completed all of the required steps of the administrative remedy process for his medical claims against Defendants before he filed the Complaint for this action on October 26, 2018.  Jennifer Vickers, Paralegal Specialist, discusses the BOP's record of Plaintiff's Requests for Administrative Remedies:

> As of July 6, 2020, Van Gessel had filed nine Administrative Remedies at all levels for the entirety of his BOP term of incarceration.  Of those nine remedies, Van Gessel did not exhaust any remedies at all three levels.[7]  A true and correct copy of Van Gessel's excerpted Administrative Remedy Generalized Retrieval form is attached as Attachment 2.
>
> Only one administrative remedy, 976265-F1, abstracted, "Safety Refused T {sic} Give Hinm {sic} Forms".  The BOP immediately rejected this remedy for two reasons- MSI & RSR. MSI states, "You must provide more specific information about your request/appeal so that it may be considered." RSR states, "You may resubmit your appeal in proper form within 10 days of the date of this rejection notice."
>
> None of the other eight remedies on the Administrative Remedy Generalized Retrieval form concern any of the cognizable, constitutional claims before this Court. A true and correct copy of the packet for Administrative Remedy Number 976265 is attached as Attachment 3.

(Vickers Decl., ECF No. 25-2 at 3-4 ¶¶ 7-9.)

---

[7] The three levels referred to by Vickers are the BP-9, BP-10, and BP-11 levels of review.

1    The court finds that Administrative Remedy Number 976265 could not have exhausted

2   Plaintiff's remedies for the claims against Defendants in this case, even if he completed all levels

3   of the Administrative Remedy process because Plaintiff initiated the Remedy too late.  Plaintiff's

4   signature on the BP-8 form for Administrative Remedy Number 976265 is dated April 29, 2019,

5   and the BP-8 was rejected on May 1, 2019, more than five months after Plaintiff filed his original

6   Complaint in this case on October 26, 2018.  (ECF No. 25-2 at 17, 19.)  Plaintiff is required to

7   exhaust his remedies before he files suit.  Moreover, Plaintiff's BP-8 form for Number 976265

8   does not expressly state a complaint about inadequate medical treatment for the injuries Plaintiff

9   sustained at USP-Atwater.  (Id.)  This Remedy Request would not put the prison on notice of the

10  Plaintiff's complaint about inadequate medical care by Defendants.  Instead, in Remedy Number

11  976265, Plaintiff merely requests forms for Inmate Accident Compensation, and such a request,

12  without more, could not exhaust Plaintiff's remedies for the medical claims against Defendants.

13    Plaintiff also claims that he filed a BP-8 form in March 2018 complaining that he was

14  being denied a prescription for pain medication.  (ECF No. 10 at 13.)  However, Plaintiff provides

15  no evidence that he pursued this grievance through all levels of the appeals process, or that his

16  remedies were effectively unavailable.

17    Plaintiff's statement that his rights to the administrative remedy process were denied by

18  Counselor Coggin, Unit Manager Tyson, Case Manager Cerrato, and the warden is conclusory.

19  Without facts in support such a statement cannot support an argument that prison employees

20  interfered with his efforts to exhaust remedies. Plaintiff's statement that his request for a BP-9

21  form was denied by a counselor is also conclusory, and without more facts also cannot support

22  an argument that his remedies were unavailable.

23    Based on these facts the court concludes that Plaintiff has not provided evidence that he

24  exhausted his remedies or that administrative remedies were not available to him to exhaust his

25  remedies for his Eighth Amendment medical claims against Defendants.  Therefore, Defendants'

26  motion for summary judgment should be granted.

27  ///

28  ///

**V.    CONCLUSION AND RECOMMENDATIONS**

On the basis of the foregoing, Defendants' motion for summary judgment, filed on July 9, 2020, should be granted as to all of Plaintiff's claims against them for allegedly inadequate medical care, because those claims are unexhausted, and those claims should be dismissed without prejudice.

Accordingly. **THE COURT HEREBY RECOMMENDS** that:

1.    The motion for summary judgment filed by defendants Dr. Thomas Moore, Physician's Assistant Altuire, and Physician's Assistant Ballesil on July 9, 2020, based on Plaintiff's failure to exhaust remedies for his medical claims against them be GRANTED; and

2.    Plaintiff's Eighth Amendment medical claims against defendants Dr. Thomas Moore, Physician's Assistant Altuire, and Physician's Assistant Ballesil, be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed **within ten (10) days** after the objections are filed.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**January 22, 2021**__          __/s/ Gary S. Austin__
                                                    UNITED STATES MAGISTRATE JUDGE