UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN VAN GESSEL,<br><br>Plaintiff,<br><br>v.<br><br>DR. THOMAS MOORE, et al.<br><br>Defendants. | No. 1:18-cv-01478-DAD-GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 24, 25, 39, 40) |

Plaintiff Christopher Allen Van Gessel is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 9, 2020, defendant United States of America filed a motion to dismiss plaintiff's medical malpractice under the FTCA pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 24.) On that same day, defendants Dr. Thomas Moore, Physician's Assistant Altuire, and Physician's Assistant Ballesil also filed a motion for summary judgment based upon plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit as required by § 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") with respect to plaintiff's Eighth Amendment medical indifference claim brought under *Bivens*. (Doc. No. 25.) On July 23, 2020,

1 | plaintiff timely filed a response to the motion to dismiss and the motion for summary judgment.
2 | (Doc. No. 27.) On July 30, 2020, defendant United States filed a reply to both pending motions.
3 | (Doc. No. 28.)
4 |      On January 13, 2021, the assigned magistrate judge issued findings and recommendations,
5 | recommending that defendant United States of America's motion to dismiss be granted, plaintiff's
6 | FTCA claim for medical malpractice brought against the United States of America be dismissed
7 | with prejudice. (Doc. No. 39.) The findings and recommendations were served on all parties and
8 | contained notice that any objections thereto were to be filed within thirty (30) days from the date
9 | of service. (*Id*.) To date, no objections to the findings and recommendations have been filed with
10 | the court, and the time in which to do so has now passed.
11 |      On January 22, 2021, the magistrate judge issued findings and recommendations
12 | recommending that defendant's motion for summary judgment be granted due to plaintiff's
13 | failure to exhaust his administrative remedies prior to filing his complaint in this action. (Doc.
14 | No. 40.) Those findings and recommendations were served on all parties and contained notice
15 | that any objections thereto were to be filed within fourteen (14) days of service of the findings
16 | and recommendations, and that any reply to the objections shall be served and filed within ten
17 | (10) days after the objections are filed. (*Id.* at 14.) On February 4, 2021, plaintiff's objections to
18 | the pending findings and recommendations were filed on the docket. (Doc. No. 41.) To date, no
19 | reply to plaintiff's objections to the findings and recommendations have been filed with the court,
20 | and the time in which to do so has now passed.
21 | /////
22 | /////
23 | /////
24 | /////
25 | /////
26 | /////
27 | /////
28 | /////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes that both pending findings and recommendations are supported by the record and by proper analysis.[1]

Plaintiff's objections to the January 22, 2021 pending findings and recommendations acknowledge that he knowingly failed to exhaust all of his claims prior to filing suit as required by the PLRA. (Doc. No. 41 at 4–6.) Plaintiff requests the court excuse his failure to administratively exhaust his claims because he asserts he was unable to wait the approximately 90 days it would take to complete all three levels of administrative grievance review due to what he represents was excruciating pain he was suffering that required urgent relief. (*Id*. at 4–5.) Plaintiff also asserts that he was not provided the necessary grievance forms to exhaust his administrative remedies and requests the ability to depose the officers who he alleges failed to provide him with the proper grievance forms. (*Id*. at 3–4.) Plaintiff's own history of filing such grievances demonstrates that he was well aware of the means by which to obtain inmate grievance forms, as well as of the need to exhaust all three levels of the inmate grievance process prior to filing suit. (Doc. No. 25-2 at 10–15.) Plaintiff has presented no persuasive arguments for departing from the thorough analysis set forth in the findings and recommendations.

Accordingly,

1. The findings and recommendations issued on January 13, 2021 (Doc. No. 39) are adopted;

/////

---

[1] The undersigned notes that defendant United States' motion to dismiss was brought under 12(b)(1) for lack of jurisdiction, however, it would more properly be construed as a motion to dismiss under 12(b)(6) for failure to state a claim. Here plaintiff's allegations fail to state a claim under the FTCA because the Ninth Circuit has held that claims related to work-place injuries and "negligence of prison officials in supplying medical care for [those work-place injuries]" are barred by the Inmate Accident Compensation Act, which, as the pending findings and recommendations clearly and correctly outline, provides the Prison Industries Fund as "the sole source of compensation for the injury . . . ." *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001) (citing *United States v. Demko*, 385 U.S. 149, 152–53 (1966)). Because amendment would be futile, the undersigned *sua sponte* dismisses this claim under 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Accordingly, with this clarification, the court will adopt the conclusion of the pending findings and recommendations that this claim be dismissed.

      a. The motion to dismiss filed on July 9, 2020 (Doc. No. 25) by defendant United States of America is granted;

      b. Plaintiff's claim under the Federal Tort Claims Act against defendant United States of America is dismissed with prejudice;

2. The findings and recommendations issued on January 22, 2021 (Doc. No. 40) are adopted;

      a. The motion for summary judgment filed on July 9, 2020 (Doc. No. 25) by defendants Moore, Altuire, and Ballesil is granted;

      b. Plaintiff's Eighth Amendment medical indifference claims under *Bivens* against defendants Moore, Altuire, and Ballesil are dismissed without prejudice, due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as required by the PLRA; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 25, 2021**

                                                   UNITED STATES DISTRICT JUDGE